FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 12 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01036-BNB

ERIC FLORES,

    Plaintiff,

v.

U.S. ATTORNEY GENERAL,
U.S. DEPT. OF HEALTH AND HUMAN SERVICE [sic], and
SIERRA MEDICAL CENTER,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Eric Flores, is a prisoner in the custody of the Pueblo County Sheriff who currently is incarcerated at the Pueblo County Detention Center. Mr. Flores filed *pro se* an Amended Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, and pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680 and the Public Health Service Act, 42 U.S.C. § 233(a). He asks for money damages and declaratory relief.

    Mr. Flores has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe the amended complaint liberally because Mr. Flores is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se*

litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Flores will be ordered to file a second amended complaint.

Mr. Flores complains that the named Defendants have subjected him to "negligent torturous conduct causing severe pain leading to death" and that Defendant Sierra Medical Center "refuse[d] to disclose protected health information." Amended Complaint at 2. Mr. Flores' amended complaint, which is 29 pages and single-spaced, is confusing, repetitive and unintelligible.

As a result, Mr. Flores' amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Flores to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Flores fails to set forth a short and plain statement of his claims showing he is entitled to relief. Instead, he refers the Court to the "Health Care Liability Complaint" that he filed in this action on April 19, 2011. He also fails to explain the role each of the named defendants played in the alleged constitutional violations. Piecing together Mr. Flores allegations from different pleadings and speculating about his claims is not a judicial function, nor is it the responsibility of the defendant. Mr. Flores must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court finds that the amended complaint is vague, repetitive, and unnecessarily long. In the second amended complaint he will be directed to file, Mr. Flores must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of often insignificant details and legal

argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Flores will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. Mr. Flores is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the second amended complaint, Mr. Flores must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Flores must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Further, to the extent Mr. Flores is attempting to assert FTCA claims, he should note that the United States is the only proper defendant in an FTCA action. 28 U.S.C. § 2679(d)(1).

Mr. Flores may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Flores uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Flores filed is difficult to read because it is single-spaced and written in all capital letters. Mr. Flores' second amended complaint, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Flores, therefore, will be directed to file a second amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction; states his claims clearly, concisely, and legibly; asserts the constitutional rights allegedly violated; and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Eric Flores, file **within thirty days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Flores, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the second amended complaint. It is

FURTHER ORDERED that the second amended complaint shall be titled

"Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Flores fails to file a second amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED May 12, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01036-BNB

Eric Flores
Prisoner No. 171898
Pueblo County Detention Center
909 Court Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 12, 2011.

                                GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk