IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01036-BNB

ERIC FLORES,

     Plaintiff,

v.

UNITED STATES ATTORNEY GENERAL,
U.S. DEPT. OF HEALTH AND HUMAN SERVICES, and
SIERRA MEDICAL CENTER,

     Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2011

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Eric Flores, is a prisoner in the custody of the Pueblo County Sheriff who currently is incarcerated at the Pueblo County Detention Center. Mr. Flores initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 on April 19, 2011. He filed an Amended Complaint on May 6, 2011, and a Second Amended Complaint on June 2, 2011.

Mr. Flores has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the second amended complaint liberally because Mr. Flores is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Flores is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

In the second amended complaint, which is largely unintelligible, Mr. Flores asserts, *inter alia*, that the federal defendants use satellite weapons to send signals that cause the modification of his genetic code and severe pain, the satellite weapons were used to kill his mother and brother, the federal defendants have been negligent or violated unidentified statutory duties, and unspecified persons associated with the Sierra Medical Center have rendered deficient health care or committed malpractice.

A complaint is frivolous under § 1915 if it "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), *id.* at 328, or because it finds the plaintiff's factual allegations to be "unlikely." *Denton v. Hernandez*, 504

U.S. 25, 33 (1992).  Instead, it must be the kind of suit that "paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327.  A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.  The Court finds Mr. Flores' allegations that Defendants are using a satellite weapon for purposes of torture and murder are factually frivolous because they are "wholly incredible." *Id.* Accordingly, it is

ORDERED that the second amended complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this _17th_ day of ____June_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01036-BNB

Eric Flores
Prisoner No.  171898
Pueblo County Detention Center
909 Court Street
Pueblo, CO 81003

        I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to the above-named individuals on June 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk